Per Curiam.

Plaintiff sues for damage to her Jaguar automobile allegedly caused by defendant’s negligence and has had a judgment in her favor. Plaintiff brought the car to defendant for servicing, including drawing an anti-freeze mixture from the radiator and replacing it with water. After that she drove to Mt. Kisco and back, a distance of 80 miles. She then left the car in a garage for a week. Before taking it out the garage people in plaintiff’s presence serviced the car, including adding water. Plaintiff drove to Katonah, a distance of 50 miles, and stopped to visit friends for about an hour. She then resumed her trip and after going about a mile noticed that the car was proceeding with great difficulty. She inquired about the nearest service station and was told to go to Brewster, a distance of *419 about three and a half miles. When she arrived there the damage to the motor about which she complains was done. At that time it was seen that the petcock attached to the radiator was wide open and there was no water in the radiator.
On both the issues in the case, negligence and contributory negligence, we find that the proof preponderates in favor of the defendant. Plaintiff admits that she was capable of reading the instrument panel on the dashboard. Yet when she was aware that there was difficulty with the motor, she did not once look at the thermometer, which would have revealed the overheated condition of the motor, but continued to drive the car. This is hardly the care a reasonable, prudent person would employ. Her explanation is that it never occurred to her to take that obvious precaution.
On the score of defendant’s negligence, additional impediments to recovery are found. Plaintiff’s theory is that, in draining the radiator of anti-freeze and filling it with water, defendant left the petcock partially open. In support thereof plaintiff offered proof that if the petcock was very slightly open there would be a slow seepage while the car was moving and none while it was at rest. There was also proof that if slightly open the vibration of the car might cause it to open further. The car could only go about a mile after the water had drained off. The amount of seepage would naturally depend on the extent to which the petcock was open but, if open at all, the testimony shows that it is just possible that the car could go 130 miles. To make it physically possible that the damage was caused by defendant, it would have to be found that the defendant left the petcock just barely open, that it remained in this condition until the water drained out, but simultaneously upon the draining the vibration caused it to fully open. While it is undoubtedly the law that the trier of the facts may draw inferences from the facts and these are not lightly to be disturbed, where the facts permit of many inferences, inference upon inference, and each the most extraordinary and coincidental that the facts allow, it is not sufficient to impose liability.
The facts about delivery of the car to the defendant for repair after the breakdown and defendant’s subsequent refusal to go ahead with the repairs, are referred to in the dissenting opinion as a possible admission of fault. This might be true if defendant had agreed to make the repairs without charge but there is no claim of any such arrangement. On the contrary, when defendant learned that plaintiff had made a complaint of its work to the sales agents for the Jaguar car, it *420 refused to continue with the repairs and made a charge for what it had done. We fail to see how any admission can be construed from that conduct.
The judgment should be reversed, with $30 costs, and complaint dismissed, with costs.